## KYLE et al. v. MARION MACH. FOUNDRY & SUPPLY CO. et al.

### Nos. 13949, 13950.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 22, 1939.

Rehearing Denied Nov. 10, 1939.

W. S. Moore, of Gainesville, and E. P. Ledbetter, of Oklahoma City, Okl., for plaintiffs in error.

John W. Culp, of Gainesville, for defendants in error.

BROWN, Justice.

These two causes were consolidated by us, and arose under the following circumstances:

On May 21st, 1931, appellee, Marion Machine Foundry & Supply Co., obtained a judgment in the District Court of Grady County, Oklahoma, against Roy Kyle and G. W. Stogner, the appellants, same being a joint and several judgment, and thereafter said appellee brought suit in the District Court of Cooke County, Texas, against the said appellants, for the purpose of securing a judgment in the State of Texas against the same defendants, against whom appellee had obtained the said judgment in the State of Oklahoma. We find the petition in proper form.

Stogner and Kyle sought to defend the suit by pleading the character of defenses that should have been pleaded in the suit brought in the State of Oklahoma, with the exception that they pleaded that appellee converted to its own use a certain derrick alleged to be worth $2,500, and certain personal property used in connection with the derrick alleged to be worth $500.

The cause was tried to a jury. Appellee having pleaded that it purchased the derrick and other personal property from a trustee in bankruptcy, at a regular, authorized sale, the trial court submitted to the jury only four issues, and the jury found: (1) That appellee purchased the property in controversy from the trustee in bankruptcy; (2) that such purchase was made before appellee took possession of the property; (3). that the reasonable market value of the derrick at the time was $1,550; and (4) that the reasonable market value of the other personal property was $125.

On this verdict, the trial court rendered judgment for appellee against appellants, as prayed for.

The Constitution of the United States provides that "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State". U.S.C.A.Const. art. 4, § 1.

■ In paragraph 571, page 419 et seq., of Vol. 26, Tex.Jur., we find the following clear statement concerning the provisions of the Federal Constitution above quoted: "By force of this mandate and the Act of Congress pursuant thereto (U.S.Code, Title 28, par. 687 [28 U.S.C.A. § 687]) judgments rendered by courts of sister states are entitled in Texas to the same recognition as is accorded to the judgments of our own courts; they will be given here the same credit as they receive in the state where they were rendered, so that with us they are or are not valid and conclusive according as they are or are not in the state of their rendition. And whatever pleas would be good to a suit thereon in the sister state and none others may be pleaded in our courts."

It appears from the record that when appellants were served with process in the state of Oklahoma, they first moved to quash the service, but failed in this, and then answered only by a general demurrer and judgment by default was taken against them.

■ We find nothing irregular in the record, and no error appears in the record. Therefore, the judgment of the trial court should by us be affirmed.

The other consolidated cause, to-wit, No. 13950, grows out of a garnishment writ which was obtained in the District Court of Cooke County, by virtue of the judgment obtained against appellants in that court, and appellee successfully impounded certain moneys belonging to the said appellants, and on the answer of garnishee, appellee recovered judgment.

■ Appellants brought their suit, in which judgment was obtained against them, on the Oklahoma judgment, before this court for review, and have briefed their case. They have brought the cause growing out of the garnishment proceedings before this court for review, but have not briefed the case, and have filed a motion before this court, requesting this court to consider their briefs in the first cause that has reached us, as proper briefs in the cause growing out of the garnishment proceedings. This is indeed a novel departure from all of the rules of practice with which we are familiar, but we have endeavored at all times to be agreeable, if by so doing no injury results to the opposing litigant. So we have determined to grant the motion and consider the briefs in the first cause as briefs filed in the said second cause, and this leads us to observe that there is of necessity nothing in the briefs in the first cause which pertains to or has aught to do with the pleadings filed in the garnishment case, the acts, orders and decree of the court had and done in the garnishment case, and the judgment in the garnishment case. In fact, there is naught for us to do but say that there is no fundamental error on the face of the record, and all of the proceedings in the garnishment case appear to be perfectly regular.

It is obvious that there is only one matter that we could consider in connection with the garnishment case, and that we would consider without any briefs; that is, if the judgment for debt should be reversed, it would be our duty to reverse the judgment in the garnishment case. Having determined that the judgment in the first case for debt against appellants should be affirmed, it necessarily follows that the judgment in the garnishment case should be affirmed.

Both judgments are ordered affirmed.